862

Laddavalaya LIMWONGSE,
Plaintiff–Appellant,

v.

NYS OFFICE OF MENTAL HEALTH,
Pilgrim Psychiatric Center,
Defendants–Appellees.

No. 06–3844–cv.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2007.

Laddavalaya a Limwongse, pro se, Commack, NY, for Plaintiff–Appellant.

Cecelia Chang, Assistant Solicitor General of the State of New York, New York, NY, for Defendants–Appellees.

## SUMMARY ORDER

Appellant Laddavalaya Limwongse, *pro se*, appeals from a June 6, 2006 judgment of the United States District Court for the Eastern District of New York (Vitaliano, J.) dismissing her complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). We assume the parties' familiarity with the facts and procedural history of the case and the arguments on appeal.

We review the dismissal of a cause of action under Rule 12(b)(1) *de novo*. *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). Under this standard, "the [reviewing C]ourt must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

Having reviewed the record, we agree with the district court that, because the New York State Office of Mental Health and Pilgrim Psychiatric Center are state agencies, they are protected by Eleventh

Amendment immunity from appellant's suit for monetary damages. *See Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). And because the appellant did not seek reinstatement or any relief other than money damages, the exception that might have permitted a claim for injunctive relief under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), does not apply. *See CSX v. N.Y. State Office of Real Prop. Serv's,* 306 F.3d 87, 98 (2d Cir.2002). We therefore conclude that the appellant's claims were properly dismissed.

Accordingly, the judgment of the district court is hereby AFFIRMED.